## PEOPLE v. PHILLIPS.*

### No. 20,124; January 22, 1886.

#### 9 Pac. 312.

**Forgery—Evidence of Damage.**—In a Prosecution for Forgery for having feloniously issued and passed to one E. a counterfeit writing as a genuine promissory note of one F., with intent to damage and defraud said E., it is not error to admit evidence of the fact that by reason of the passing of the paper E. was damaged by being induced to make a journey, and to go to expense therefor.

APPEAL from Superior Court, County of Napa.

Coghlan & Coombs for appellant; E. C. Marshall for respondent.

MYRICK, J.—The information in this case accused the defendant of the crime of forgery, in having feloniously, willfully, and unlawfully uttered, published, and passed to one Elgin a counterfeit paper in writing as a genuine promissory note of one Fitch, with the intent to prejudice, defraud, and damage the said Elgin. Elgin, as the agent of Fitch, was endeavoring to collect from Phillips a debt due Fitch of fifty-five dollars and fifty cents. In so far as Phillips attempted to pass, and did pass, the paper in payment of that

---

*For subsequent opinion in bank, see People v. Phillips, 70 Cal. 61, 11 Pac. 493.

debt, the evidence would not have justified a conviction, because the information charged the act to have been committed with intent to defraud Elgin instead of Fitch. But there is evidence that in consequence of the passing of the paper, Elgin in person was prejudiced, defrauded, and damaged, viz., by his being induced to make the trip from St. Helena to Napa, and pay the expense of recording the mortgage. The making of that trip, and the payment of that expense, were parts of the one transaction, viz., imposing upon Elgin by the uttering of the false paper; and the court committed no error in admitting proof of those facts. No error appears in the record. Judgment and order affirmed.

We concur: Morrison, C. J.; Sharpstein, J.